IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re SPECIAL PROCEEDINGS      :      Misc. No. 09-mc-.00198-EGS

:

:

## PROTECTIVE ORDER

The Court has reviewed the government's Motion for a Protective Order, consented to by Henry F. Schuelke, III, concerning information that may be provided by the Department of Justice (hereinafter "Department") to William M. Welch, Brenda K. Morris, Nicholas A. Marsh, Edward P. Sullivan, Joseph W. Bottini, and James A. Goeke (hereinafter "Subject Attorneys") and their counsel, as well as, to the extent determined appropriate by the Department after consultation with Mr. Schuelke, to certain other Department of Justice employees, whom Mr. Schuelke or the members and employees of Mr. Schuelke's firm may interview or depose as part of his investigation and prosecution, if any, of this matter, and any counsel they may retain (hereinafter "DOJ Witnesses"). Because certain investigative files, documents, emails, grand jury transcripts, interview notes, interview memoranda and other information, if disclosed, could impact the rights of innocent third parties and the privacy interests of individuals and entities, impede ongoing investigations, and implicate matters covered under Fed. R. Crim. P. 6(e) and 18 U.S.C. §2510 *et seq.* (hereinafter the "Materials"),

**IT IS HEREBY ORDERED** that the Materials shall not be disclosed except as follows:

1.   The Materials shall only be disclosed to the Subject Attorneys and to any DOJ Witnesses to whom disclosure is determined to be appropriate

    by the Department after consultation with Mr. Schuelke, and their counsel, as well as any attorneys or employees of their counsel and any experts or consultants retained by their counsel to whom it is necessary that the Materials be shown in furtherance of counsel's representation of a Subject Attorney or DOJ Witness. No additional copies of the Materials shall be made except as reasonably necessary.

2. Any individual to whom the Materials are disclosed must be served with a copy of this Protective Order prior to disclosure of the Materials to him or her. The disclosing individual, or their counsel, must keep a record of the service of this Order in the form of a log showing the name of the person or by maintaining a copy of the Protective Order signed by the person to whom disclosure was made until such time as all appeals in this matter are concluded.

3. The Subject Attorneys and DOJ Witnesses, and their counsel, shall use the Materials solely in connection with Mr. Schuelke's investigation and prosecution, if any, of this matter and the investigation being conducted by the Department's Office of Professional Responsibility. If any Materials are to be included in applications or submissions filed with or submitted to the Court other than under seal, the disclosing individual, or their counsel, will advise the Department five business days in advance of such submission so that, if deemed necessary, the Department has the opportunity to present its position on the public disclosure of such Materials to the Court for consideration.

4.  To the extent that the Materials provided to the Subject Attorneys or DOJ Witnesses, or their counsel, constitute a matter occurring before a grand jury as contemplated by Fed. R. Crim. P. 6(e), the individuals to whom that material is disclosed must comply with and abide by the secrecy obligations imposed by Fed. R. Crim. P. 6.

5.  Within 60 days from conclusion of these proceedings and any appeal from these proceedings, including an appeal to the United States Supreme Court, the Materials and any duplicates made in the preparation, trial, and appeal of this matter shall be returned to the Department, unless the Court gives specific permission for an exception to this requirement.

6.  Nothing in this Order shall be interpreted to require the Department of Justice to provide any Materials to the Subject Attorneys, any DOJ Witnesses, or their counsel, or to abrogate in any way any applicable privileges, immunities or other protections from disclosure that the Department may be entitled to assert.

SO ORDERED this ___ day of June 2009.

THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE