# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In Re SPECIAL PROCEEDINGS, | ) ) ) ) ) | Misc. No. 09-MC-0198-EGS |

### *Ex Parte* Application of Henry F. Schuelke, III, for Authorization to Issue Subpoenas *Ad Testificandum* and Subpoenas *Duces Tecum*

On April 7, 2009, the Court issued an Order, pursuant to Federal Rule of Criminal Procedure 42, appointing the undersigned attorney, Henry F. Schuelke, III, to investigate and prosecute such criminal contempt proceedings as may be appropriate against William M. Welch, II, Brenda K. Morris, Nicholas A. Marsh, Edward P. Sullivan, Joseph W. Bottini and James A. Goeke.

It is respectfully requested that, pursuant to Rule 42, the Court authorize me to take deposition testimony under oath and, if necessary, to issue subpoenas to compel the following persons to provide such testimony and/or to produce books, papers, documents, data or other objects relating to the subject matter of this investigation: William M. Welch, II, Brenda K. Morris, Nicholas A. Marsh, Edward P. Sullivan, Joseph W. Bottini, James A. Goeke, Mary Beth Kepner, Bill Allen and, Mr. Allen's attorney, Robert Bundy. See United States ex rel. Vuitton et Fils, S.A. v. Klayminc, 780 F. 2d 179, 184 (2d Cir. 1985), *rev'd on other grounds*, Young v. United States ex rel. Vuitton et Fils S. A., 481 U.S. 787, 107 S. Ct. 2124 (1987) ("The [Rule 42] special prosecutor should have the same power to gather evidence and present that evidence to

the court as does any other government prosecutor.")[1]; see also In Re: Special Proceedings, 373 F. 3d 37 (1st Cir. 2004) (affirmed civil contempt finding against a witness who refused to testify in response to a subpoena issued by a Rule 42 special prosecutor).

A proposed Order is submitted herewith.

Respectfully submitted,

Henry F. Schuelke, III
D.C. Bar No. 91579

Janis, Schuelke & Wechsler
1728 Massachusetts Avenue, N.W.
Washington, D.C. 20036
Tel.: 202-861-0600
Fax: 202 861-0924
Email: hfschuelke@janisschuelke.com

Dated: July 28, 2009
Washington, D.C.

---

[1] The Supreme Court reversed the criminal contempt convictions in Vuitton on the ground that the District Court erred "in appointing as prosecutors counsel for an interested party in the underlying civil litigation." Young v. United States ex rel. Vuitton et Fils S. A., 481 U.S. 787, 802, 107 S. Ct. 2124, 2135 (1987). The Court established a "categorical rule against the appointment of an interested [Rule 42] prosecutor" because that prosecutor "is armed with expansive powers and wide-ranging discretion." Id. 481 U.S. at 813-14, 107 S. Ct. at 2141.