IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re SPECIAL PROCEEDINGS        :        Misc. No. 09-mc-.00198-EGS

:

:

## AMENDED PROTECTIVE ORDER

The Court has reviewed the government's Unopposed Motion for Entry of Amended Protective Orders, consented to by Henry F. Schuelke, III, as well as the Court's prior Protective Order dated June 8, 2009, concerning information that may be provided by the Department of Justice (hereinafter "Department") to William M. Welch, Brenda K. Morris, Nicholas A. Marsh, Edward P. Sullivan, Joseph W. Bottini, and James A. Goeke (hereinafter "Subject Attorneys") and their counsel, as well as, to the extent determined appropriate by the Department after consultation with Mr. Schuelke, to certain other Department of Justice employees, whom Mr. Schuelke or the members and employees of Mr. Schuelke's firm may interview or depose as part of his investigation and prosecution, if any, of this matter, and any counsel they may retain (hereinafter "DOJ Witnesses"). Because certain investigative files, documents, emails, grand jury transcripts, interview notes, interview memoranda and other information, if disclosed, could impact the rights of innocent third parties and the privacy interests of individuals and entities, impede ongoing investigations, implicate matters covered under Fed. R. Crim. P. 6(e) and 18 U.S.C. §2510 *et seq.* and may reveal information protected by the attorney-client, work product, deliberative process or other applicable privileges (hereinafter the "Materials"),

**IT IS HEREBY ORDERED** that the Court's prior Order dated June 8, 2009 is hereby amended and superseded and that Materials shall not be disclosed except as follows:

1. The Department may disclose the Materials to the Subject Attorneys and to any DOJ Witnesses to whom disclosure is determined to be appropriate by the Department after consultation with Mr. Schuelke, and their counsel. The Subject Attorneys and any DOJ Witnesses and their counsel may further disclose the Materials to any attorneys or employees of their counsel and any experts or consultants retained by their counsel to whom it is necessary that the Materials be shown in furtherance of counsel's representation of a Subject Attorney or DOJ Witness. The Subject Attorneys and their counsel may also disclose the Materials to other Subject Attorneys and their counsel, except for material that has been designated by the Department as privileged, which may only be disclosed to Subject Attorneys who already had access to such materials in the ordinary course of their representation of the Department of Justice, and their counsel. There shall be no additional disclosures and no additional copies of the Materials shall be made except as reasonably necessary.

2. Any individual to whom the Materials are disclosed must be served with a copy of this Amended Protective Order prior to disclosure of the Materials to him or her. The disclosing individual, or their counsel, must keep a record of the service of this Amended Protective Order in

the form of a log showing the name of the person or by maintaining a copy of the Amended Protective Order signed by the person to whom disclosure was made until such time as all appeals in this matter are concluded.

3. The Subject Attorneys and DOJ Witnesses, and their counsel, shall use the Materials solely in connection with Mr. Schuelke's investigation and prosecution, if any, of this matter and the investigation being conducted by the Department's Office of Professional Responsibility. If any Materials are used in a deposition, the transcript of that deposition shall be marked with a legend indicating that the transcript is under seal. Such transcripts shall only be disclosed consistent with this Amended Protective Order. If any Materials are to be included in applications or submissions filed with or submitted to the Court, or as part of court proceedings, other than under seal, the disclosing individual, or their counsel, will advise the Department five business days in advance of such submission or disclosure so that, if deemed necessary, the Department has the opportunity to present its position on the public disclosure of such Materials to the Court for consideration. If the Department files such a motion, no Materials shall be placed on the public record, or disclosed during court proceedings, other than under seal, until a final non-appealable order granting permission to do so has been entered, or the time for an appeal has expired.

4. To the extent that the Materials provided to the Subject Attorneys or DOJ Witnesses, or their counsel, constitute a matter occurring before a grand jury as contemplated by Fed. R. Crim. P. 6(e), the individuals to whom that material is disclosed must comply with and abide by the secrecy obligations imposed by Fed. R. Crim. P. 6.

5. Within 60 days from conclusion of these proceedings and any appeal from these proceedings, including an appeal to the United States Supreme Court, or the investigation being conducted by the Department's Office of Professional Responsibility, whichever is later, the Materials and any duplicates made in the preparation, trial, and appeal of this matter shall be returned to the Department, unless the Court gives specific permission for an exception to this requirement.

6. Nothing in this Amended Protective Order shall be interpreted to require the Department of Justice to provide any Materials to the Subject Attorneys, any DOJ Witnesses, or their counsel, or to abrogate in any way any applicable privileges, immunities or other protections from disclosure that the Department may be entitled to assert.

SO ORDERED this 14th day of December 2009.

THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE